**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DONALD FENNELL,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-20-CV-01275-XR |
| WALGREEN CO.,<br>　　　*Defendant* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered Plaintiff Donald Fennell's Motion to Remand (ECF No. 8) and Defendant Walgreen Co.'s Response (ECF No. 9). After careful consideration, the motion is **DENIED**.

### BACKGROUND

This case arises from injuries Plaintiff Donald Fennell sustained while shopping at a pharmacy owned by Defendant Walgreen Co. ECF No 1-2. Plaintiff alleges that as he was walking inside Defendant's premises, he slipped and fell due to a clear, liquid substance on the floor and suffered serious bodily injuries as a result. *Id.* ¶ 8. Plaintiff filed this action in the 25th Judicial District of Guadalupe County, Texas on August 11, 2020, asserting claims for premises liability and negligence and seeking monetary relief of "not more than $100,000.00." *Id.* ¶¶ 3, 11. Plaintiff further pled that the amount in controversy "does not exceed $75,000.00." *Id.* ¶ 4. Plaintiff seeks to recover for past and future medical expenses, past and future pain, suffering and mental anguish, past and future physical impairment, past and future physical disfigurement, and past lost wages and future loss of earning capacity. *Id.* ¶ 15.

Defendant had no basis to contest Plaintiff's allegation as to the amount in controversy until October 12, 2020, when Plaintiff served his initial disclosures, along with certain medical records, which revealed that the amount in controversy exceeded $75,000.00. ECF No. 9 ¶ 4; ECF Nos. 9-3, 9-4. Specifically, Plaintiff disclosed that his past medical expenses had already reached $34,587.00, and that he would "continue to incur significant medical bills for treatment of medical issues directly related to the subject incident." ECF No. 9-3. Plaintiff also provided statements from an orthopedic surgeon, who indicated that Fennell would likely require multiple surgeries on his back and right knee in the future and estimated that the procedures would cost at least $195,600.00. *See* ECF No. 9-4. Defendant subsequently received a demand letter from Plaintiff dated October 22, 2020, which confirmed an estimated $230,187.00 in past and future medical expenses and offered to settle the claim for $75,000.00. ECF No. 8-2.

October 28, 2020, within thirty days after the receipt of the disclosures revealing that the matter was removable, Defendant timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1 ¶ 8; *see* 28 U.S.C. § 1446(c)(2). The existence of diversity of citizenship is undisputed. Plaintiff is a citizen of Texas and Defendant is a citizen of Illinois. *See* ECF No. 1. Plaintiff timely moves to remand, arguing the amount in controversy does not satisfy the jurisdictional requirement. ECF No. 8. Defendant opposes remand. ECF No. 9.

## DISCUSSION

### I.     Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar*, 47 F.3d at 1411.

In evaluating a motion to remand, a court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

**II.     Analysis**

In support of his argument that the amount-in-controversy requirement is not satisfied, Plaintiff first cites the allegation in his original state court petition that "the amount in controversy does not exceed $75,000.00." *See* ECF No. 8 ¶ 3. In Texas, a statement in the petition limiting damages to $75,000 or less, however, does not preclude removal since it is not binding, and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition. *See De Aguilar v. Boeing Co.*, 47 F.3d at 1413. Plaintiff did not file a binding stipulation limiting his recovery to $75,000 and cannot rely on the allegations in the petition to defeat federal jurisdiction.

Still, Defendant concedes that it is not apparent from the face of the petition that Plaintiff's claims are likely to exceed the requisite amount. ECF No. 9 ¶ 4. Thus, Defendant must set forth summary judgment type evidence to establish the jurisdictional amount by a preponderance of the evidence. *Manguno*, 276 F.3d at 723. Plaintiff's past medical expenses in the amount of $34,587.00 and estimated future medical expenses totaling nearly $200,000.00, as enumerated both in Plaintiff's discovery responses and in his demand letter, clearly establish that the amount in controversy is greater than $75,000.00, especially given that Plaintiff also seeks to recover for past and future pain, suffering and mental anguish, past and future physical impairment and disfigurement, and past lost wages and loss of future earning capacity. ECF No. 1-2 ¶ 15.

Plaintiff argues that the Court should not consider the estimates of his future medical expenses because his production of these "other papers" was not a "voluntary act" given that the disclosures were required responses to Defendant's discovery requests. ECF No. 8 ¶¶ 19–21. The "voluntary-involuntary rule", which evolved from case law, provides that "a case that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the

plaintiff." *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 586 (W.D. Tex. 1992) (citing *Weems v. Louis Dreyfuss Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). The rule requires the "amended pleading, motion, or other paper that gives the defendant notice of the changed circumstances which support federal jurisdiction" to result from a voluntary act of the plaintiff. *Redi-Mix Sols., Ltd. v. Express Chipping, Inc.*, No. 6:16-cv-298-MHS-KNM, 2016 WL 3406254, at *5 (E.D. Tex. May 3, 2016) (citing *Weems*, 380 F.2d at 547); *see also Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court.").

Plaintiff's reliance on the rule here is misplaced. First, 28 U.S.C. 28 U.S.C. § 1446(c)(2) specifically provides that "information relating to the amount in controversy in the record of the State proceeding [and] *in responses to discovery*, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. 28 U.S.C. § 1446(c)(2) (emphasis added); *see also Redi-Mix*, 2016 WL 3406254, at *5 ("It is not the law, as [the plaintiff] appear[s] to contend, that any and all evidence a removing defendant later submits to the court in an effort to demonstrate federal jurisdiction by a preponderance of the evidence must be the product of a voluntary act of the plaintiff. To the contrary, it is well-settled that a defendant may submit 'summary-judgment type evidence' to satisfy its burden of demonstrating the amount in controversy by a preponderance of the evidence if the case is removed under § 1446(b)(3).") (citing *S.W.S Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). Moreover, even if the voluntary-involuntary rule barred the Court from considering Plaintiff's discovery responses, Plaintiff's subsequent demand letter, which confirmed the estimates of his future medical costs, was clearly voluntary. *See Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 911–12 (5th Cir. 2000) (finding the "drafting,

signing, and filing of letters regarding settlement were voluntary acts" by the plaintiff); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000) (finding that the plaintiff's post-complaint demand letter was "other paper" giving the defendant notice that the case was removable).

Many courts within the Fifth Circuit have considered pre-removal settlement offers as evidence of the amount in controversy. *Carnahan v. S. Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1432 n.4 (E.D. Tex. 1995) (citing *Stone v. State Farm Mut. Auto. Ins. Co.*, No. Civ. 08-3859, 2008 WL 4507827, at *2 (E.D. La. Oct. 2, 2008) ("The amount of a settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'")); *see also Sw. Rsch. Inst. v. California Fueling, LLC*, No. SA-20-CV-00986-XR, 2020 WL 6281611, at *3 (W.D. Tex. Oct. 27, 2020) (collecting cases). However, a "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917 (5th Cir. July 18, 2002) (quoting *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1990), *vacated for reh'g en banc*, 923 F.2d 47 (5th Cir. 1991), *appeal dism'd per stipulation of settlement*, 947 F.2d 736 (5th Cir. 1991)). Thus, "settlement offers are compelling evidence of the *minimum* amount in controversy." *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. Civ. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) (emphasis added).

Because Defendant has satisfied its burden of establishing the requisite amount by a preponderance of the evidence, Plaintiff must demonstrate to a legal certainty that the amount in controversy does not exceed the requisite amount. *See De Aguilar*, 47 F.3d at 1411. However, Plaintiff's contention that the amount in controversy does not exceed $75,000 relies on the very

same evidence that the Court has already found establishes that the amount-in-controversy requirement is satisfied—his responses to Defendant's discovery requests and his demand letter. *See* ECF No. 8 at 5-7. Thus, Plaintiff has failed to demonstrate to a legal certainty that, at the time of removal, he was not entitled to recover the jurisdictional amount. Plaintiff's motion to remand must be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 11th day of December, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE